ABEL KENDALL & *al.* *vs.* DAVID WHITE & *al.* *Exr's.*

In an action against an officer for neglect of duty in not delivering over property by him attached on the writ, to be seised by another officer on an execution issued on the judgment, the Court of Common Pleas have the power, after verdict, to permit an amendment of the declaration by correcting an erroneous description of the term of the court at which the judgment was rendered.

In such action, the return of the officer holding the execution, that he made a demand of the property of the attaching officer, is competent evidence of the facts stated in the return.

EXCEPTIONS from the Court of Common Pleas.

This is an action of the case against the executors of the late *Benjamin White*, formerly Sheriff of the County of Kennebec. In the first count the plaintiffs alleged, that *John Wilson* and others were indebted to them in the sum of $1347,67, and that on the seventh of *May*, 1833, they sued out in due form of law a writ of attachment against the said *Wilson* and others, returnable at the Court of Common Pleas to be holden at *Augusta*, on the second Tuesday of *August* then next, directed to the Sheriff of the County of Kennebec or his deputy, and delivered said writ to

one *Samuel Thing*, then and for a long time afterwards a deputy-sheriff under said *White*, who by virtue thereof attached a quantity of goods, wares and chattels of the value of $2000, the property of the debtors, and served and returned said writ accordingly. At the *April Term* of the Court of Common Pleas, 1834, the plaintiffs recovered judgment against said *Wilson* and others for the sum of $1347,67 debt, and $38,79, costs of suit; averring that neither the said *Thing* nor the said *White* did keep said goods for the space of thirty days after the rendition of said judgment, that the same might be taken in execution to satisfy said judgment.

The second count set forth the same facts and further alleged, that on the 19th day of *April*, 1834, the plaintiffs sued out an execution upon said judgment directed to the several coroners of the County of Kennebec, and that on the same day, they delivered the same to one *James R. Bachelder*, a coroner within and for said County, to be by him served, executed and returned according to the command therein contained, who on the sixteenth day of *May*, 1834, demanded of said *Thing*, at his dwellinghouse, the goods, wares and merchandize by him attached on the original writ against said *Wilson* and others, that the same might be appropriated to pay said execution, and averring that said *Thing* refused to deliver said goods.

The general issue was pleaded and joined.

To maintain the action, the plaintiffs offered in evidence, in support of the 1st count, the original writ sued out by them against said *Wilson* and others, on which said *Thing* returned the attachment of the property mentioned in said count, subject to a prior attachment in favor of *Thomas P. Cushing*. In support of the 2d count the plaintiff offered in evidence the execution which issued upon said judgment with the return thereon, the same having been seasonably returned to the attorney of the plaintiffs. The officer set forth in his return on said execution, that on the sixteenth day of *May*, 1834, having the execution in his hands, he demanded of *Thing*, the deputy of the defendant's testator, who had attached the goods on the writ, the property by him attached, that the same might be taken on the execution, and that *Thing* refused to deliver the property. They also introduced

*James R. Bachelder,* a coroner and the officer to whom said execution was delivered, though objected to by the defendants, and proved by him a demand upon said *Thing* and upon the defendants on the 16th of *May,* as mentioned in his return on said execution; and also a personal demand upon said *Thing,* on the 17th of *May,* 1834, of the property attached by him. It was also admitted, that the Court of Common Pleas, *April Term,* 1834, adjourned on the 17th day of said *April.* On which day, judgments are entered up, unless specially entered before. The defendants by their counsel, objected that the return upon said execution was not evidence of a demand upon *Thing,* or the defendants. And of this opinion was *Smith J.,* who presided on the trial of said action, and the same was rejected. To the admission of the officer, as a witness, the defendant objected on the ground, that he was interested, and therefore incompetent. Of this opinion was the presiding Judge. The counsel for the plaintiffs thereupon made and executed as attorney for the plaintiffs, and delivered to the witness a release not under seal; and contended that his interest was now removed and his competency restored. To this the defendants objected on two grounds. First, that the attorney of the plaintiffs had no authority to execute said release; and secondly, that not being under seal, it was not effectual in law to release the liability of the witness to the plaintiffs for any default, by him committed in relation to said execution. It being intended to reserve this point by exceptions, the witness was admitted. The defendants also contended, that the demand, as testified to by the officer, was not within thirty days after the rendition of the judgment against the original debtors, and therefore they were not liable. The Judge presiding in the trial of said action overruled these objections.

At the trial it was proved or admitted, that the judgment in favor of plaintiffs v. *Wilson* and others, was recovered at the Court of Common Pleas, *April Term,* 1834, and no suggestion in the course of the trial was made to the contrary, or that the demand made on said *Thing,* on the 17th of *May,* 1834, as proved by *Bachelder,* was too late, after it was proved, that the said judgment was rendered on the 17th of *April,* 1834. The jury returned a verdict for the plaintiffs. After verdict, it was

discovered by inspecting the writ, that the term at which said judgment was recovered, by mistake, was not clearly alleged and it might be considered, that it was alleged to have been recovered *April Term,* 1833. The counsel for the plaintiffs thereupon moved for leave to amend the declaration, according to the fact, as it appeared in the evidence, and insert *April Term,* 1834, which was permitted by the Court. To which permission to amend and to all the other rulings and instructions of the Judge, the defendants' counsel excepted.

*D. Williams,* for the defendants, argued on the first point, that as the Court of Common Pleas ruled, that the coroner's return was inadmissible to shew a demand on the attaching officer, and the plaintiff did not except to this ruling, that this was not now open, and the decision of the Common Pleas must stand good in this case. But the decision was right. The coroner makes a return on an execution, which exculpates himself from blame, and throws it on another person. It would be a strange doctrine that an interested person should be permitted to make a return to discharge himself, and that a Court should give it their sanction.

To shew, that *Batchelder* was not a competent witness, he cited *Bradbury* v. *Taylor,* 8 *Greenl.* 130.

The attorney has no power by virtue of his employment to discharge any one from his liability. But if he had the power, it was not exercised in this case. There was no consideration paid, and without it, a paper not under seal is no discharge. 8 *Greenl.* 286 ; 4 *Greenl.* 421 ; 5 *Barn. & Ald.* 606.

The Court of Common Pleas have power only to grant legal amendments, and if they go beyond this extent, the error may be corrected in this Court. *Clap* v. *Balch,* 3 *Greenl.* 316. The Court have no power to give a cause of action not before existing by way of amendment. The foundation of the action, as the declaration stood, was a judgment rendered in 1833. The amendment introduced an entirely new cause of action. Nor could the Court legally permit any amendment to be made after verdict, while the verdict remains in force. It is only when it is set aside, and a new trial granted, that an amendment is permitted after verdict. *Williams* v. *H. & Q. B. & T. Corporation,* 4 *Pick.* 341.

*Wells,* for the plaintiffs.

1. The return on the execution by the coroner was conclusive evidence of the facts therein stated. *Russell* v. *Hook,* 4 *Greenl.* 372; *Gyfford* v. *Woodgate,* 11 *East,* 297; 3 *Starkie on Ev.* 1357; *Bamford* v. *Melvin,* 7 *Greenl.* 14.

2. If it was not, the coroner was a competent witness. He was the agent of the plaintiffs. 2 *Starkie on Ev.* 767; *Fisher* v. *Willard,* 13 *Mass. R.* 379.

3. The release, though unnecessary, was properly made. The authority arises from the relation subsisting between attorney and client. *Adams* v. *Robinson,* 1 *Pick.* 461.

4. The amendment, being of a fact not clearly alleged, was proper. It was consistent with the original cause of action, and might be made after verdict and before judgment. *McLellan* v. *Crofton,* 6 *Greenl.* 307. This exercise of discretionary power is not a case for exception. *Wyman* v. *Dorr,* 3 *Greenl.* 183.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — We are of opinion, that the Court of Common Pleas had the power after verdict, to allow an amendment of the declaration, as to the term when the judgment in question was rendered. We think it was justified, under the authority of the case of *McLellan* v. *Crofton,* 6 *Greenl.* 307.

The execution, which issued on the judgment, and the return thereon of *Bachelder,* the officer to whom it was delivered, is made part of this case. He sets forth in his return, that on the sixteenth day of *May,* 1834, which was within thirty days after the rendition of judgment, having the execution then in his hands, he made a demand upon *Thing,* the deputy of the defendants' testator, who had attached the goods upon the original writ. This was a return made by the officer, in the regular discharge of his official duty.

In *Gyfford* v. *Woodgate et al.* 11 *East,* 297, a return of the sheriff on a *fieri facias* was read in evidence, which it was insisted ought not to affect the plaintiff, who was no party to the sheriff's return; but the court held, that it was *prima facie* evidence of the facts stated therein, upon the ground, that faith was to be given to the official act of a public officer, like the sheriff,

even where third persons were concerned. Hence if the sheriff return a rescue, it is evidence against the person, charged in the return of being guilty of it. *Rex* v. *Elkins,* 4 *Burrow,* 2129.

Upon exceptions, either in this court or in the Common Pleas, the court are to do therein, what to law and justice may appertain. We are of opinion, that the return of the officer, which is before us, was *prima* evidence of a seasonable demand upon *Thing,* although the Judge below ruled otherwise. We find then in the case competent evidence of a demand upon *Thing,* without the testimony of the officer in support of his return, which was unnecessary. We are relieved then from the necessity of deciding the questions raised, whether the officer was interested or not, or whether if he was, his interest was removed, before his testimony was received. Rejecting that testimony altogether, the plaintiffs have supported their action; and the verdict in their favor is justified.

*Exceptions overruled.*